**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRIS E. TURNER,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO: 3:07cv162-MEF** |
| | ) | |
| **CITY OF AUBURN**, a municipality if The State of Alabama; **LARRY LANGLEY**, an individual; **LEE LAMAR**, an individual; **BILL HAM, Jr.**, an individual; **STEVEN A. REEVES**, an individual; **BILL JAMES**, an individual; **DAVID WATKINS**, an individual; **CHARLES M. DUGGAN**, an individual; and **CORTEZ LAWRENCE**, an individual; | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
|     **Defendants,** | ) | |

**PROPOSED AMENDMENT ADDING**
**ADDITIONAL PARTIES TO ORIGINAL COMPLAINT**

**PART II**

**I.      JURISDICTION**

    1.    Additional Plaintiffs, Eddie Ogletree and Gerald Stephens, through counsel, hereby adopt the jurisdictional paragraph asserted in the original filed Complaint as above styled.

**II.     PARTIES**

    2.    The Plaintiff adopts the description of the parties asserted in the original filed Complaint as above styled.  Additionally, the amended Plaintiff, Eddie Ogletree, is an African American citizen of the United States and a permanent resident of the state of Georgia.  The

amended Plaintiff, Gerald Stephens, is an African American citizen of the United States and a permanent resident of the state of Alabama.

### III.  STATEMENT OF THE PLAINTIFF'S CLAIMS

3.  The amended Plaintiffs, Eddie Ogletree and Gerald Stephens, adopt the first sentence of the statement of Plaintiff's claims asserted in the original filed Complaint as above styled.  The amended Plaintiffs have filed two individual charges with the Equal Employment Opportunity Commission within the 180 day period as required by law.  The Equal Employment Opportunity Commission issued a determination for each of the amended Plaintiffs that evidence established reasonable cause to believe violations of the statute occurred as alleged. The Plaintiffs EEOC charges and determination letters are attached respectively as Exhibits (A), (B), (C) and (D).

**COUNT ONE**
**RACE DISCRIMINATION IN PROMOTION: August 23, 2005**

4.  Inasmuch as this Count relates specifically to the Plaintiff Chris E. Turner, it is mostly inapplicable to the amended Plaintiffs Eddie Ogletree and Gerald Stephens.  The amended Plaintiffs do adopt any and all allegations related to and describing the Defendants' pattern and practice of race discrimination in promotion and hiring during the past and present. The amended Plaintiffs further adopt all allegations in this count related to this Court's 1991 Order and the 1991 Settlement Agreement.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

    A.    Granting Plaintiff an Order requiring Defendant to make Plaintiff whole by granting to him the appropriate declaratory relief, compensatory and punitive damages;

    B.    Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys

and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C. Awarding to Plaintiff such other, further or additional relief as justice may require.

## COUNT TWO
## RACE DISCRIMINATION IN PROMOTION: February 1, 2006

5. The Amended Plaintiffs adopt the general allegations alleged in Count One of the original filed Complaint as above styled.

6. The Plaintiff, Gerald Stephens, in February 2006 was a lieutenant with The City of Auburn Fire Department. At that time, he applied for a promotion from lieutenant to the position of Battalion Chief (Captain).

7. Prior to February 2006, only nine probationary lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, The City of Auburn changed its policies to allow any firefighter, including entry level firefighters, to apply for the Battalion Chief position.

8. During this same period of time, The City of Auburn Fire Department changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changes occurred at a time when two African American lieutenants and one entry level African American firefighter became eligible for the position of Battalion Chief. Seniority within the department was discarded as a criteria for promotion to the Battalion Chief position.

9. Gerald Stephens was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Gerald Stephens' application, there were three Battalion Chief positions available, and each position was filled by a Caucasian team leader (lieutenant). Each of the applicants that were awarded the Battalion Chief position had

less seniority and experience than Gerald Stephens.

10.   Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades. The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Gerald Stephens' application for promotion to Battalion Chief in April 2006.

11.   The City of Auburn has violated, and continues to this day to violate a Federal Court Order requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite this Federal Court Order and settlement, The City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion process.

12.   Gerald Stephens filed a grievance against The City of Auburn and followed the grievance administration process to its completion. In 2006, The City of Auburn affirmed its decision not to promote Gerald Stephens of Battalion Chief.

13.   The amended Plaintiff Eddie Ogletree has served The City of Auburn Fire Department for more than twenty two years.

14.   The Plaintiff, Eddie Ogletree, in February 2006, was a lieutenant with The City of Auburn Fire Department. At that time, he applied for a promotion from lieutenant to the position of Battalion Chief (Captain).

15.   Prior to February 2006, only nine probationary lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, The City of Auburn changed its policies to allow any firefighter, including entry level firefighters, to apply for the Battalion Chief position.

16. During this same period of time, The City of Auburn Fire Department changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changs occurred at a time when two African American lieutenants and one entry level African American firefighter became eligible for the position of Battalion Chief. Seniority within the department was discarded as a criteria for promotion to the Battalion Chief position.

17. Eddie Ogletree was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Eddie Ogletree's application, there were three Battalion Chief positions available, and each position was filled by a Caucasian team leader (lieutenant). Each of the applicants that were awarded the Battalion Chief position had less seniority and experience than Eddie Ogletree.

18. Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades. The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Eddie Ogletree's application for promotion to Battalion Chief in April 2006.

19. The City of Auburn has violated, and continues to this day to violate a Federal Court Order requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite this Federal Court Order and settlement, The City of Auburn has intentionally changed its policies and procedures to exclude African American's from the hiring and promotion process.

20. Eddie Ogletree filed a grievance against The City of Auburn and followed the grievance administration process to its completion. In 2006, The City of Auburn affirmed its decision not to promote Eddie Ogletree of Battalion Chief.

21. The amended Plaintiffs specifically adopt herein Count II paragraphs 36-46 of the

original filed Complaint as above styled.

  **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

  A. Granting Plaintiff an Order requiring Defendant to make Plaintiff whole by granting to him the appropriate declaratory relief, compensatory and punitive damages;

  B. Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

  C. Awarding to Plaintiff such other, further or additional relief as justice may require.

**COUNT THREE**
**RACE DISCRIMINATION: BATTALION FIRE CHIEF PROMOTION: May, 2006**

22. The amended Plaintiffs adopt herein Count III paragraphs 47-49.

  **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

  A. Granting Plaintiff an Order requiring Defendant to make Plaintiff whole by granting to him the appropriate declaratory relief, compensatory and punitive damages;

  B. Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

  C. Awarding to Plaintiff such other, further or additional relief as justice may require.

**COUNT FOUR**
**RETALIATION**

23. The Plaintiffs adopt and reaffirm all previous allegations set forth herein and further state:

24. The amended Plaintiffs have engaged in statutorily protected expressions such as filing Equal Employment Opportunity Charges and grievances against The City of Auburn Fire

Department. As a result, the amended Plaintiffs have been denied further consideration for job promotions.

25. The Defendant City of Auburn has engaged in adverse employment actions causally related to the Plaintiffs' protected expressions which constitutes retaliation.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

    A.    Granting Plaintiff an Order requiring Defendant to make Plaintiff whole by granting to him the appropriate declaratory relief, compensatory and punitive damages;

    B.    Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

    C.    Awarding to Plaintiff such other, further or additional relief as justice may require.

**COUNT FIVE**
**DISPARATE IMPACT**

26. Amended Plaintiffs adopt herein Count V paragraphs 54-56.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

    A.    Granting Plaintiff an Order requiring Defendant to make Plaintiff whole by granting to him the appropriate declaratory relief, compensatory and punitive damages;

    B.    Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

    C.    Awarding to Plaintiff such other, further or additional relief as justice may require.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

/s/ Richard F. Horsley

        **Richard F. Horsley (HOR023)**
        **Attorney for Plaintiffs:**
        **Gerald Stephens & Eddie Ogletree**

**<u>OF COUNSEL:</u>**
**GOOZEE, KING & HORSLEY, LLP**
**1 Metroplex, Suite 280**
**Birmingham, AL 35209**
**Telephone: (205) 871-1310**
**Facsimile:  (205) 871-1370**
**E-mail:  <u>rfhala@cs.com</u>**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using electronic filing which will send notification of such filing on this the 31st day of May, 2007.

        <u>/s/Richard F. Horsley</u>
        Richard F. Horsley

**Jeff Bennitt & Associates, LLC**
**P.O. Box 383063**
**Birmingham, Alabama a 35238-3063**
**Suite 3A 4898 Valleydale Road**
**Birmingham, Alabama 35242**
**Telephone: (205) 408-7240**
**Facsimile: (205) 408-9236**
**E-mail: <u>Bennittlaw@aol.com</u>**

**Wanda D. Deveraux, Esquire**
**Deveraux & Associates, LLC**
**2800 Zelda Road, Suite 200-2**
**Montgomery, Alabama 36106**
**Telephone: (334) 396-5006**
**Facsimile: (334) 396-3774**
**E-mail: <u>wdd@devxllc.com</u>**

**Randall Morgan, Esquire**
**Hill, Hill, Carter, Franco, Cole & Black PC**
**425 South Perry Street**
**Montgomery, Alabama 36104**
**Telephone: (334) 834-7600**
**Facsimile: (334) 262-4389**
**E-mail: <u>morgan@hillhillcarter.com</u>**