**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRIS TURNER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CASE NO.: 3:07-cv-162-MEF** |
| | * | |
| **CITY OF AUBURN, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**OBJECTION TO PLAINTIFF'S MOTION TO AMEND**

COME NOW the Defendants in the above-styled cause and pursuant to this Court's June 8, 2007 Order, show cause regarding why Plaintiff's Motion to Amend should not be granted:

1.      Procedural History:  On February 23, 2007, Plaintiff Chris Turner ("Plaintiff Turner") filed a *Complaint* alleging race discrimination involving two different positions with the City of Auburn and alleging retaliation based on two prior protected activities (litigation involving claims of race discrimination).  The *Complaint* was answered on May 7, 2007.  On May 23, 2007 there was a motion to amend the *Complaint* to add Eddie Ogletree ("Ogletree") and Gerald Stephens ("Stephens") as plaintiffs.  Plaintiff Turner has made several attempts to properly amend the *Complaint* Court and filed the *Final Amended Complaint* on June 11, 2007.  This objection follows.

2.      Non-Compliance with Rule 15.1:  Plaintiff's "*Final Amended Complaint*" filed on June 11, 2007 again fails to comply with Local Rule 15.1 in that there are still references throughout the second portion of the *Complaint* regarding the incorporation of Turner's causes of action stated earlier in the initial *Complaint*.  Incorporation in this manner is not permitted.  It is confusing and ambiguous.  The proposed amended plaintiffs Eddie Ogletree and Gerald Stevens are not even stated as party plaintiffs in the statement of parties of the *Final Amended Complaint*.

3.      No Right To Sue Letter:  A Title VII cause of action cannot be brought without the receipt of a Notice of Right to Sue letter from the EEOC.  See *Forehand v. Florida State Hosp. at*

*Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996)(holding that "[b]efore instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue respondent named in the charge.")  It is undisputed in this case that the proposed amended plaintiffs have not completed the prerequisite administrative process resulting in a Notice of Right to Sue letter.  See *Final Amended Complaint* at ¶57.  As such, the additional Plaintiffs, Stephens and Ogletree, are barred from pursuing their claims in Plaintiff Turner's case as a matter of law.

   4. Not Allowed By Rule 20:  In addition to the foregoing, the parties' claims should not be joined in one litigation because the requirements of *Federal Rule of Civil Procedure* 20 cannot be met here.  Pursuant to Rule 20 "[A]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative and respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  In the case of *Alexander v. Fulton County Georgia,* 207 F.3d 1303 (11th Cir. 2000), the Eleventh Circuit explained that in considering these two prerequisites, the central purpose was to promote trial convenience and expedite the resolution of dispute.  *Id.* at 1323.  However, the Court further points out that consolidation for efficiency can be outweighed by potential prejudice to litigants.  *Id.*

  In considering what is a transaction or occurrence for purposes of the Rule 20(a) analysis, one must consider whether the events are logically related.  In the present case, Plaintiff Turner readily admits that his claim regarding Team Leader involving the August 23, 2005 promotion in no way involved the proposed amended plaintiffs.  In fact, the only commonality is the assertion by each of the three plaintiffs that they should have been awarded a Battalion Chief position in 2006.  To that end, even that claim is not similar in that Plaintiff Turner had different issues regarding qualifications for that job than Ogletree or Stephens.

Plaintiff Turner also alleges retaliation regarding specific lawsuits in which he participated. There is no assertion that the proposed amended plaintiffs in any way took part in this prior Turner litigation and therefore would not be a part of the court's analysis regarding the retaliation claims for plaintiff Turner.[1]  The *Complaint* simply fails to assert any facts that would sufficiently support the notion that the discrimination or retaliation alleged arises out of the same transaction and occurrence.

The second prong of Rule 20 requires a review of the commonality between the law and the facts.  As stated above, the facts in this case are not similar enough to justify joinder of the parties.  There is no factual claim in the *Complaint* that there is a unified policy or plan regarding a scheme of discrimination.  Rather, there is a more generic allegation in regards to the claims that the individuals were victims of race discrimination in some respect.

5.    Defendants will be prejudiced:  In considering the question of joinder of parties, the crucial matter of prejudice must be addressed.  That is, the courts have recognized that the alleged discriminatory experiences of other individuals can be prejudicial beyond their probative effect in a particular case.  The *Alexander* case recognized circumstances wherein the prejudicial effect outweighs the probative value of joinder.  *Id*. at 1324 citing *Annis v. County of West Chester*, 136 F.3d 239, 247 (7th Cir. 1998); *Williams v. The Nashville Network,* 132 F.3d 1123, 1130 (6th Cir. 1997); *Mooney v. ARAMCO Servs. Co.,* 54 F.3d 1207, 1221 (5th Cir. 1995).

The proposed amended plaintiffs do not add probative value to the case at hand.  Both of the individuals in question are in promoted positions beyond that of Turner.  Turner alleges that he has not been promoted to similar positions because of his race.  This conflict and confusion would be unfairly prejudicial to the Defendants in this cause.  To that end, the comparative analysis regarding these individuals are different based on the applicants participating with each and the

---

[1]  There is a general cause of action for retaliation alleged on behalf of Ogletree and Stevens, however, as is evidenced by their attached EEOC charges, they have not alleged retaliation and cannot therefore pursue such a claim here.

requirements for a particular position.  The Defendants have a right to defend the various plaintiffs'

claims against it without carrying the burden of explaining differences between the plaintiffs

regarding their histories of employment, job positions at the time of the alleged discrimination and

promotion procedures for particular jobs; issues that would be necessary to address if the cases

were consolidated but otherwise irrelevant to the question of whether a particular individual suffered

an adverse employment action as a result of race discrimination or retaliation.

WHEREFORE PREMISES HAVING BEEN CONSIDERED, the Defendants respectfully

request that the Plaintiff's Motion to Amend his *Complaint* in order to add Plaintiffs Ogletree and

Stephens be denied as a matter of law.

Respectfully submitted this the 15th day of June 2007.

/S/ Elizabeth Brannen Carter
Randall Morgan [8350-R70R]
Elizabeth Brannen Carter [3272-C-38-E]
**HILL, HILL, CARTER, FRANCO,**
  **COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 facsimile
Rmorgan@hillhillcarter.com
Counsel for Defendant

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO**
  **COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, Alabama  36101-0116
(334) 834-7600
(334) 263-5969

### CERTIFICATE OF SERVICE

I Hereby Certify that I have this date served a true and correct copy of the foregoing *Objection to Plaintiff's Motion to Amend on behalf of Defendant* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Jeffrey W. Bennitt, Esquire (bennittlaw@aol.com), Wanda D. Devereaux, Esquire (wdd@devxllc.com), and Richard F. Horsley, Esquire (rfhala@cs.com)  this the 15th day of June 2007.


/S/ Elizabeth Brannen Carter
Of Counsel