IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRIS E. TURNER, et al    )
                          )
    Plaintiff,            )
                          )
vs.                       ) CIVIL ACTION NO.: 3:07cv 162 MEF
                          )
CITY OF AUBURN, et al.,   )
                          )
    Defendants            )

EXHIBIT LIST PURSUANT TO PARAGRAPH 57 OF THE AMENDED COMPLAINT AS ORDERED BY THE COURT, 21 SEPTEMBER, 2007

    1. Eddie Ogletree:  determination by EEOC (Ex. A) and charge of discrimination (Ex. B).

    2. Gerald Stevens: determination by EEOC (Ex. C) and charge of discrimination (Ex. D).

    Now, having responded to the Court's order of September 21, plaintiff hereby adds the following exhibits to its response to defendant's objection to amend:

    3. Eddie Ogletree: Right to Sue (Ex. E).

    4. Gerald Stevens: Right to Sue (Ex. F).

                                        /s/ Jeff Bennitt
                                          _____
                                          Jeffrey W. Bennitt ASB N51J
                                          BEN004
                                          Attorney for Chris Turner

Jeff Bennitt & Associates, LLC, P.O. Box 383063

Birmingham, Al   35238-3063
Suite 3A 4898 Valleydale Rd., Birmingham, Al 35242 (205) 408-7240
fax: (205) 408-9236        e-mail: Bennittlaw@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above was served on counsel below by email on 9/28/07.

Hon. Randall Morgan
Hon. Wanda Devereaux

                                /s/ Jeff Bennitt
                                _____

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form | | ENTER CHARGE NUMBER<br>[X] EEOC |
|---|---|---|
| (State or local Agency, if any) | | and EEOC |

| NAME (Indicate Mr., Ms., or Mrs.)<br>Eddie Ogletree | | HOME TELEPHONE NO. (Include Area Code)<br>(334) 332-5766 |
|---|---|---|
| STREET ADDRESS<br>106 Pioneer Drive | CITY, STATE AND ZIP<br>La Grange, Georgia 30240 | COUNTY<br>Troup |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>The City of Auburn | NO. OF EMPLOYEES/MEMBERS<br>Over 15 | TELEPHONE NO. (Include Area Code)<br>(334) 501-7260 |
|---|---|---|
| STREET ADDRESS<br>144 Tichenor Avenue, Ste. 1 | CITY, STATE AND ZIP<br>Auburn, Alabama 36830 | COUNTY<br>Lee |
| NAME | | TELEPHONE NO. (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es):<br>☒ Race  ☐ Color  ☐ Sex  ☐ Religion  ☐ National Origin<br>☐ Retaliation  ☐ Age  ☐ Disability  ☐ Other | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)<br>7/27/2006 |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

SEE EXHIBIT A

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date 9/5/06  *Eddie Ogletree*<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT  *Eddie Ogletree*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) Sept 5 2006 |

Notary Public, Troup County, Georgia
My Commission Expires April 7, 2010

EX. A

# EXHIBIT A

Lieutenant Eddie Ogletree is an African American and has served the City of Auburn Fire Department for more than (22) twenty two years. On or about February 2006, Lieutenant Ogletree applied for a promotion from Lieutenant to the position of a Battalion Chief (Captain). Prior to February 2006, only non probationary Lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, the respondent City of Auburn changed its policies to allow any fire fighter, including entry level fire fighters, to apply for the Battalion Chief position. Also, during this same period, the City of Auburn Fire Department changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changes occurred at a time when two African American Lieutenants and one entry level African American Firefighter became eligible for the position of Battalion Chief. Seniority within the department was discarded as a criteria for promotion to the Battalion Chief position.

Lieutenant Ogletree was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Lieutenant Ogletree's application, there were three Battalion Chief positions available, and each position was filled by a Caucasian team leader (Lieutenant). Each of the applicants that were awarded the Battalion Chief position have less seniority and experience than Lieutenant Ogletree.

Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades.

The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Lieutenant Ogletree's application for promotion to Battalion Chief in April 2006. Moreover, the City of Auburn has violated, and continues to this day to violate Federal Court Orders requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite these Federal Court Orders, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion practice.

Lieutenant Ogletree filed a grievance against the City of Auburn and followed the grievance administrative process to its completion. In July 2006, the City of Auburn affirmed its decision not to promote Lieutenant Ogletree to the position of Battalion Chief.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number:    420 2006 04927

Eddie Ogletree
106 Pioneer Drive
LaGrange, Georgia 30240                Charging Party

City of Auburn
144 Tichenor Avenue, Suite 1
Auburn, Alabama 36830                  Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges he was not promoted because of his race, Black, in violation of Title VII.

Evidence substantiates that Respondent used tests which discriminated against Black applicants as a class in its promotions to Battalion Chief. Evidence indicates that Charging Party and other Black candidates were disqualified for promotion by use of this test. Evidence further indicates all resulting promotions to Battalion Chief were of White applicants.

I have determined that the evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute occurred as alleged.

Upon finding there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. Please complete the enclosed Invitation to Conciliate and return it to the Commission at the above address no later than April 16, 2007. You may fax your response directly to (205) 212-2105 to the attention of J.W. Furman. Failure to respond by April 16, 2007, will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII, Section 706(b), have been unsuccessful.

EX. B

Letter of Determination
Charge Number 420 2006 04927
Page 2

If the Respondent declines to participate in conciliation discussions or when, for any other reason, a conciliation agreement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

_____4/3/07_____
Date

_Delner Franklin-Thomas_
Delner Franklin-Thomas
District Director

Encl: Invitation to Conciliate

cc: Richard F. Horsley
Goozee, King & Horsley
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209

Arnold W. Umbach, Jr.
Adams, Umbach, Davidson & White
122 Tichenor Avenue
Auburn, Alabama 36830



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Birmingham District Office

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number:    420 2006 04928

Gerald Stephens
828 Cahaba Drive
Auburn, Alabama 36830                           Charging Party

City of Auburn
144 Tichenor Avenue, Suite 1
Auburn, Alabama 36830                           Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges he was not promoted because of his race, Black, in violation of Title VII.

Evidence substantiates that Respondent used tests which discriminated against Black applicants as a class in its promotions to Battalion Chief. Evidence indicates that Charging Party and other Black candidates were disqualified for promotion by use of this test. Evidence further indicates all resulting promotions to Battalion Chief were of White applicants.

I have determined that the evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute occurred as alleged.

Upon finding there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. Please complete the enclosed Invitation to Conciliate and return it to the Commission at the above address no later than April 16, 2007. You may fax your response directly to (205) 212-2105 to the attention of Glenn Todd. Failure to respond by April 16, 2007, will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII, Section 706(b), have been unsuccessful.

EX. C

Letter of Determination
Charge Number 420 2006 04928
Page 2

If the Respondent declines to participate in conciliation discussions or when, for any other reason, a conciliation agreement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

__4/3/07__
Date

Delner Franklin-Thomas
District Director

Encl: Invitation to Conciliate

cc: Richard F. Horsley
Goozee, King & Horsley
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209

Arnold W. Umbach, Jr.
Adams, Umbach, Davidson & White
122 Tichenor Avenue
Auburn, Alabama 36830

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form | ENTER CHARGE NUMBER<br>[ X ] EEOC |
|---|---|
| (State or local Agency, if any) | and EEOC |

| NAME (Indicate Mr., Ms., or Mrs.)<br>Gerald Stephens | | HOME TELEPHONE NO. (Include Area Code)<br>(334) 502-2946 |
|---|---|---|
| STREET ADDRESS<br>828 Cahaba Drive | CITY, STATE AND ZIP<br>Auburn, Alabama 36830 | COUNTY<br>Lee |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>The City of Auburn | NO. OF EMPLOYEES/MEMBERS<br>Over 15 | TELEPHONE NO. (Include Area Code)<br>(334) 501-7260 |
|---|---|---|
| STREET ADDRESS<br>144 Tichenor Avenue, Ste. 1 | CITY, STATE AND ZIP<br>Auburn, Alabama 36830 | COUNTY<br>Lee |
| NAME | | TELEPHONE NO. (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es):<br>☒Race  ☐Color  ☐Sex  ☐Religion  ☐National Origin<br>☐Retaliation  ☐Age  ☐Disability  ☐Other | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)<br>7/27/2006 |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

SEE EXHIBIT A

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>September 5, 2006  /s/ Stephens<br>Date  Charging Party (Signature) | SIGNATURE OF COMPLAINANT /s/ Stephens<br>March 23, 2009<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 9/5/06  Penelope D. McCoy<br>(Day, month, and year) |

EX. D

## EXHIBIT A

Lieutenant Gerald Stephens is an African American. On or about February 2006, Lieutenant Stephens applied for a promotion from Lieutenant to the position of a Battalion Chief (Captain). Prior to February 2006, only non probationary Lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, the respondent City of Auburn changed its policies to allow any fire fighter, including entry level fire fighters, to apply for the Battalion Chief position. Also, during this same period, the City of Auburn Fire Department changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changes occurred at a time when two African American Lieutenants and one entry level African American Firefighter became eligible for the position of Battalion Chief. Seniority within the department was discarded as a criteria for promotion to the Battalion Chief position.

Lieutenant Stephens was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Lieutenant Stephens' application, there were three Battalion Chief positions available, and each position was filled by a Caucasian team leader (Lieutenant). Each of the applicants that were awarded the Battalion Chief position have less seniority and experience than Lieutenant Stephens.

Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades.

The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Lieutenant Stephens' application for promotion to Battalion Chief in April 2006. Moreover, the City of Auburn has violated, and continues to this day to violate Federal Court Orders requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite these Federal Court Orders, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion practice.

Lieutenant Stephens filed a grievance against the City of Auburn and followed the grievance administrative process to its completion. In July 2006, the City of Auburn affirmed its decision not to promote Lieutenant Stephens to the position of Battalion Chief.



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-1-0

JUL 1 8 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Eddie Ogletree
c/o Richard F. Horsley, Esq.
1 Metroplex Drive, Suite 280
Birmingham, AL 35209

Re: Eddie Ogletree v. City of Auburn,
EEOC No. 420-2006-04927

Dear Mr. Ogletree:

Because you filed the above charge with the Equal Employment Opportunity Commission, and conciliation on that charge has failed, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the EEOC files pertaining to your case to the Birmingham District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 1130 22nd Street, South, Birmingham, AL 35205.

This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By: *[signature]*

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Arnold W. Umbach, Esq.
City of Auburn

EEOC District Office

EX. E



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-1-0

JUL 1 8 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Gerald Stephens
c/o Richard F. Horsley, Esq.
1 Metroplex Drive, Suite 280
Birmingham, AL 35209

        Re: Gerald Stephens v. City of Auburn,
           EEOC No. 420-2006-04928

Dear Mr. Stephens:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and conciliation on that charge has failed, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    We are returning the EEOC files pertaining to your case to the Birmingham District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 1130 22nd Street, South, Birmingham, AL 35205.

    This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.

                          Sincerely,

                          Wan J. Kim
                          Assistant Attorney General
                          Civil Rights Division

            By:         /s/ William B. Fenton

                          William B. Fenton
                          Deputy Chief
                          Employment Litigation Section

cc: Arnold W. Umbach, Esq.
    City of Auburn

EEOC District Office

EX. F