IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRIS E. TURNER, et al | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 3:07cv 162 MEF |
| | ) |
| CITY OF AUBURN, et al., | ) |
| | ) |
| Defendants | ) |

MOTION IN RESPONSE TO DEFENDANT'S OBJECTION TO ADD PARTY
PLAINTIFFS AND MOTION TO CONSOLIDATE THESE CASES

I.  NO RIGHT TO SUE LETTER

The requested amended plaintiffs Ogletree and Stephens have filed their lawsuit and motion to consolidate with Chris Turner's case, and their lawsuit is 3:07 cv 867 WKW.

II.  NOT ALLOWED BY RULE 20

Under rule 20, all persons may join in one action as PLAINITFF if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these person will arise in the action.

1

Plainitff Turner makes three promotion claims: (1) promotion claim for August 23, 2005; (2) February 1, 2006; (3) May of 2006. Requested consolidated plaintiffs Stephens and Ogletree make the same claim as plaintiff Turner *for only* the May of 2006 promotion. Stephens, Ogletree and Turner are all black and the promotion went to all white employees, thus that claim arises out of the same transaction for that promotion.

A.  IN REGARDS TO THE CASE AS A WHOLE:

In the 1991 settlement agreement with this court, the defendant was ordered not to promote anyone to the rank of Lieutenant or Captain, unless done by outside assessment. In order to avoid promoting blacks and getting around the 1991 settlement, the defendant shifted Lieutenant duties to the team leader position, which was a promotion from within, until such time that the team leaders were actually lieutenants and the "real" lieutenants were retiring, and then were mostly just team leaders. Then on August 23, 2005, four team leader positions opened up and a lieutenants exam was given for these positions. The exam discriminated against Black applicants as a class in its promotion to these team leader positions. Chris did not get the promotion. All resulting promotions to team leader were to white applicants.

Then in February of 2006, all the team leaders were promoted to lieutenant

by order of the defendant.   Only Turner did not the promotions in these two situations and remains a basic firefighter.  Stephens and Ogletree are Lieutenants.

Then in May of 2006, a Battalion Fire Chief job was given,  to which plaintiff had applied and was denied.  So had Ogletree and Stephens.  Plainitff Turner alleges that the defendant used tests which discriminated against Black applicants as a class in its promotions to Battalion Chief, which is what the EEOC determined to be the case for Stephens and Ogletree.  All resulting promotions to Battalion Chief were to white applicants.

There should be enough similarity in these facts and law that it would be beneficial to the court not to tie up two judges when one judge could handle both cases at about the same amount of time.

## III.  DEFENDANT WILL NOT BE PREJUDICED

It is hard to see how the defendants will be prejudiced in this case when the parties and the witnesses are the same–me-too witness.   Objectively speaking, it's the same thing.  Subjectively, they may a point, but, it seems to this writer that judicial economy ought to overrule that.

/s/ Jeff Bennitt

_____
Jeffrey W. Bennitt ASB N51J
BENOO4
Attorney for Chris Turner

Jeff Bennitt & Associates, LLC, P.O. Box 383063
Birmingham, Al   35238-3063
Suite 3A 4898 Valleydale Rd., Birmingham, Al 35242 (205) 408-7240
fax: (205) 408-9236       e-mail: Bennittlaw@aol.com

CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above was served on counsel below by email on 9/28/07.

Hon. Randall Morgan
Hon. Wanda Devereaux




/s/ Jeff Bennitt

_____