IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRIS TURNER, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *    CASE NO.: 3:07-cv-162-MEF |
| | * |
| CITY OF AUBURN, et al., | * |
| | * |
|     Defendants. | * |

**OBJECTION TO PLAINTIFF'S MOTION TO AMEND**

COME NOW the Defendants in the above-styled cause and pursuant to this Court's September 21, 2007 Order, submits the following Reply to Plaintiff's Response to Defendants' Objection to Amend:

    3.    <u>No Right To Sue Letter</u>: The Companion case of *Ogletree and Stephens v. City of Auburn* has been filed as noted by Plaintiff Turner.

    4.    <u>Not Allowed By Rule 20</u>: Turner Plaintiff fails to provide a persuasive response to Defendants' contention that the proposed Amended Complaint and therefore consolidation of the subject cases is not allowed by Rule 20. Turner Plaintiff asserts only that one of the three promotion issues is the same because all three plaintiffs are black. Turner Plaintiff fails to acknowledge that the comparative analysis regarding these individuals are different based on the applicants participating with each and the requirements for a particular position because Chris Turner did not hold the same position as the other two plaintiffs. Therefore, even as to the one promotion issue the three plaintiffs have in common, the differences are too great for joinder pursuant to Rule 20. Plaintiff Turner does not deny that the promotion claim to Battalion Fire Chief is not similar in that Plaintiff Turner had different issues regarding qualifications for that job than Ogletree or Stephens. Plaintiff Turner fails to respond at all to the issue of his retaliation claim regarding his past litigation. The other plaintiffs were not involved. As previously stated, the

1

*Amended Complaint* simply fails to assert any facts that would sufficiently support the notion that the discrimination or retaliation alleged arises out of the same transaction and occurrence. In short, Plaintiff has not demonstrated how consolidating the two cases would "promote trial convenience and expedite the resolution of dispute." *Alexander v. Fulton County Georgia,* 207 F.3d 1303, 1323 (11th Cir. 2000).

     5.    <u>Defendants will be prejudiced</u>: Defendants are not sure what point Plaintiff Turner is making in response to the prejudice argument made by Defendants in their objection to the Amended Complaint and consolidation of the plaintiffs' cases. Plaintiff certainly fails to present any factual or legal argument to rebut the legal holdings that the alleged discriminatory experiences of other individuals can be prejudicial beyond their probative effect in a particular case. Turner Plaintiff further fails to address the fact that both of the individuals in question are in promoted positions beyond that of Turner and that because he alleges he did not get those positions because of his race, there is inherent conflict and confusion with litigating the cases together. Turner Plaintiff concedes that Defendants have a right to defend the various plaintiffs' claims against it without carrying the burden of explaining differences between the plaintiffs regarding their histories of employment, job positions at the time of the alleged discrimination and promotion procedures for particular jobs.

    Plaintiff Turner did not provide in his response a meritorious basis for allowing the Amended Complaint and joinder of the three plaintiffs' cases. Defendants adopt and incorporate herein the legal and factual arguments made in their initial objection filed June 15, 2007

    WHEREFORE PREMISES HAVING BEEN CONSIDERED, the Defendants respectfully request that the Plaintiff's Motion to Amend his *Complaint* in order to add Plaintiffs Ogletree and Stephens be denied as a matter of law.

    Respectfully submitted this the 5th day of October 2007.

      /S/ Elizabeth Brannen Carter
Randall Morgan [8350-R70R]
Elizabeth Brannen Carter [3272-C-38-E]
**HILL, HILL, CARTER, FRANCO,
  COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 facsimile
Rmorgan@hillhillcarter.com
Counsel for Defendant

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO
  COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, Alabama  36101-0116
(334) 834-7600
(334) 263-5969

### CERTIFICATE OF SERVICE

     I Hereby Certify that I have this date served a true and correct copy of the foregoing *Objection to Plaintiff's Motion to Amend on behalf of Defendant* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Jeffrey W. Bennitt, Esquire (bennittlaw@aol.com), Wanda D. Devereaux, Esquire (wdd@devxllc.com), and Richard F. Horsley, Esquire (rfhala@cs.com) this the 5th day of October 2007.

      /S/ Elizabeth Brannen Carter
      Of Counsel