IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHRIS E. TURNER,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.: 3:07-cv-162-MEF |
| | * |
| **CITY OF AUBURN, et al.,** | * |
| | * |
| Defendants. | * |

### MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

COMES NOW the City of Auburn, a Defendant in the above-styled cause, pursuant to *Federal Rule of Civil Procedure* 14(a), and respectfully requests leave to file a Third-Party Complaint against CWH Research, Inc. (hereinafter "CWH") in the above-styled action. (See City of Auburn's Third-Party Complaint attached hereto as Exhibit "1"). CWH is an entity who is or may be liable to the Third-Party Plaintiff for all or part of the Plaintiff's claims against the Third-Party Plaintiff. The City of Auburn files this motion within the scheduled period of time for Defendants to add parties to this litigation pursuant to this Court's Rule 16(b) Scheduling Order dated October 16, 2007. Moreover, the filing of this Third-Party Complaint will not prejudice the existing parties or the proposed Third-Party Defendant as discovery is still in its infancy and no depositions have been taken.

WHEREFORE PREMISES HAVING BEEN CONSIDERED, the City of Auburn respectfully requests leave to file the attached Third-Party Complaint in this action.

Respectfully submitted this the 18th day of January 2008.

                                              /S/ Randall Morgan
                                              Randall Morgan [8350-R70R]
                                              Elizabeth Brannen Carter [3272-C-38-E]
                                              Counsel for Defendant City of Auburn

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO
   COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600 phone
(334) 263-5969 fax
Rmorgan@HillHillCarter.com
Ecarter@HillHillCarter.com

### CERTIFICATE OF SERVICE

I Hereby Certify that I have this date served a true and correct copy of the foregoing *Motion for Leave to File Third-Party Complaint on Behalf of Defendant* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Jeffrey W. Bennitt, Esquire (bennittlaw@aol.com), Wanda D. Devereaux, Esquire (wdd@devxllc.com), and Richard F. Horsley, Esquire (rfhala@cs.com), this the 18th day of January 2008.

/S/ Randall Morgan
Of Counsel

RESOLUTION NO. 05-288

BE IT RESOLVED by the City Council of the City of Auburn, Alabama, that the City Manager is authorized to execute the attached contract with CWH Research, Inc. for the development and administration of a promotion selection process for the position of Fire Battalion Chief.

ADOPTED AND APPROVED by the City Council of the City of Auburn, Alabama, this 20th day of December, 2005.

_____
Mayor

ATTEST:

_____
City Manager



EXHIBIT A



### LETTER OF AGREEMENT

THIS AGREEMENT is made this 21st day of December, 2005 between the City of Auburn, Alabama (hereinafter called "the Client") and CWH Research, Inc., (hereinafter called "CWH") a Colorado Corporation, whose business address is 9085 E. Mineral Circle, Suite 350, Englewood, CO 80112.

1) <u>The Contract</u>. This document is a complete agreement.

2) <u>Definitions</u>. When used in this Agreement, the following words and phrases shall have the indicated meanings:

   a) <u>candidate</u> - an individual who appears at the testing site and begins the written test.

   b) <u>written test</u> - a written measuring instrument and accompanying answer sheets, which may or may not be combined with other instruments into a single battery.

   c) <u>qualified administrator</u> – an individual who has had previous experience in written test administration, has been apprised of the confidential nature of the tests, the importance of fair and impartial testing, and the importance of maintaining strict test security. Further, this individual shall have read the CWH general instructions for written test administrations, and shall have been approved by CWH.

   d) <u>written test session</u> - the period from commencement of the first test in a CWH promotional test battery to the last test in that battery, occurring on the testing date(s) agreed upon by CWH and client.

   e) <u>assessment center</u> - exercises or simulations designed to measure candidates' knowledge, skills, and abilities, as well as the scoring of those candidates' performance on each of the exercises and simulations.

   f) <u>assessor</u> - an individual who has been trained in the use of assessment centers and the evaluation of candidates' performances in assessment centers. Further, the assessor or assessors shall have been apprised of the confidential nature of the assessment center exercises, the importance of fair and impartial evaluations, and the importance of maintaining strict security over all elements of the assessment center.

   g) <u>assessment center test session</u> - the period from commencement of the first set of assessment center exercises to the last exercise and final evaluation of candidates, occurring on the testing date(s) agreed upon by CWH and the Client.

   h) <u>oral board</u> – series of structured interview questions designed to measure candidates' knowledge, skills, and abilities, as well as the scoring of those candidates' performance on each of the questions.

   i) <u>oral board test session</u> – the period from commencement of the first oral board question to the last question and final evaluation of candidates, occurring on the testing date(s) agreed upon by CWH and the Client.

3) <u>Services to be Performed by CWH</u>. CWH is an independent contractor and is not an agent, servant, employee or partner of the Client, and nothing contained herein shall be deemed or construed by the parties hereto or by any third party as creating a relationship of principal and agent or partnership or joint venture between the parties. CWH shall perform services for the Client in the categories listed below (collectively, the "Services"). These categories, and some, but not necessarily all, of the major services to be performed for the <u>Fire Battalion Chief</u> position as follows:

   a) Job Analysis Review
      (1) Job analysis review includes conducting interviews to develop test instruments and to provide a content valid process.

©WH **Research, Inc.**
9085 E. Mineral Circle, Suite 350, Englewood, CO 80112
303-617-3433

b) Written Test Development
   (1) Developing and validating a semi-customized written exam composed of 70 to 80 traditional job knowledge written items and 20 to 30 situational judgment items. Includes recommendations as to the format of the questions and answers, the number of questions to be included and the study sources. Includes up to 30 custom test items designed specifically for the client.
   (2) Provide master copy of the exam, the delivery of the exam and answer sheets, scoring of the exam, and handling appeals.

c) Test Scoring
   (1) Score tests.
   (2) Conduct relevant statistical analysis.
   (3) Consult with the Client regarding the format and structure of the final eligibility lists.
   (4) Provide results in written format within two weeks after completion of the exams.
   (5) Handle test challenges or concerns.

d) Assessment Center
   (1) Develop one set of exercises for each position, selecting three of the following for each position: In-basket, Oral Resume, Oral Presentation, Written Exercise, Role-Play or Emergency / Tactical Scenario.
   (2) Provide candidate orientations, conduct rater training, conduct training for Client staff as required or needed.
   (3) Provide assessor training.
   (4) Administer process to up to 12 candidates (one day of testing).
   (5) Score.

e) Feedback
   (1) Provide written feedback letters to candidates.
   (2) Provide process summary to Client.

f) Validity. CWH shall conduct a content validation process for the test(s). This validation will meet and adhere to the following standards and guidelines:

   (1) Federal EEOC Uniform Guidelines on Employment Selection Procedures.
   (2) Principals for the Validation and use of Personnel Selection Procedures.
   (3) Standards and Ethical Considerations for Assessment Center Operations.
   (4) Standards for Education and Psychological Tests.

## CWH Research, Inc.
9085 E. Mineral Circle, Suite 350, Englewood, CO 80112
303-617-3433

4) **Payment for Services.** In consideration of the Services of CWH, the Client shall pay CWH the total sum shown below for services. Travel expenses will be billed at additional cost.

Breakdown for services is as follows:

| Service | Cost |
|---|---|
| Job Analysis Review | Included |
| Semi-Customized Written Test | |
|    Technical Job Knowledge Component | $2,500.00 |
|    Situational Judgment Component | $4,500.00 |
| Assessment Center | $10,000.00 |
| | |
| TOTAL (excluding options and expenses) | $17,000.00 |
| | |
| OPTIONS: | |
| Written Feedback Letters ($125 per candidate – assumes 10 candidates) | $1,250.00 |
| Additional days of assessment center administration | $800 per day |
| "Hot Seat" exercise | Not included |
| CWH obtaining assessors | Not included |

Payment to be made as follows (excludes options and expenses):

| | |
|---|---|
| 25% upon initiation of contract | $4,250.00 |
| 25% upon completion of SME test development meeting | $4,250.00 |
| 25% upon completion of written test | $4,250.00 |
| 25% upon completion of assessment center | $4,250.00 |

Options will be billed with the final invoice following completion of the assessment center.

All travel and additional expenses will be billed at cost as incurred or at the below standard rates. These expenses will include the following categories and rates:

| | |
|---|---|
| Airfare | Economy class, with first class upgrades paid for by CWH mileage points. Cost varies by area – every attempt will be made to minimize cost. Billed at cost. |
| Hotel charges | Mid priced hotel, such as Marriot, Hilton, etc. We use government rates and discounts when possible. Cost varies by area – every attempt will be made to minimize cost. Billed at cost. |
| Per Diem | $45 per day, or $15 per meal. |
| Mileage to/from airport and to/from client site | $0.42 cents per mile, plus applicable tolls. |
| Rental car | Mid size car. Varies by area – every attempt will be made to minimize cost. Billed at cost. |
| Shipping | US Postal service or FED EX is generally used, depending upon requirements. 2 day shipping is generally used, unless overnight is required. |

12/21/2005

**CWH Research, Inc.**
9085 E. Mineral Circle, Suite 350, Englewood, CO 80112
303-617-3433

This price includes the complete and satisfactory performance of the Services specified in this Agreement. Optional components may be selected by client for additional charges noted.

If any additional work is required beyond what this contract states, Dr. Hornick will provide his assistance at the rate of $250 per hour. Any additional work provided by other personnel in CWH will be charged at the rate of $175 per hour for Managing Consultants, $125 per hour for Consultants, and $50 per hour for clerical.

Expert Testimony. CWH shall provide expert testimony concerning any aspect of its work related to this contract and/or the resultant defense of all related products. This testimony and any necessary preparation will be performed at the hourly rate mentioned above, plus any travel or other related expenses which are incurred.

5) Client Responsibilities. In addition to paying CWH for services according to the preceding paragraph, the Client shall have the following responsibilities:

   a) The Client shall provide for the written test and assessment center appropriate testing site(s) and materials, including rooms and furniture conducive to the taking of tests. In addition, all necessary supplies needed by candidates, assessors, and proctors during the written test and assessment center shall also be provided by Client.

   b) The Client shall make arrangements for qualified written test and assessment center administrators and proctors. The qualified administrators must be approved by CWH.

   c) The Client shall make all notifications to those people who are eligible to take the test. These notifications include, by way of explanation, but not by way of limitation: testing dates, testing times, and testing places. Further, Client shall make all reasonable attempts to provide for notifications, testing opportunities, and similar concerns to all candidates in a fair and impartial manner.

   d) The Client shall supply sufficient numbers of assessors and role players to conduct the assessment centers, based on criteria established by CWH. Should these assessors or role players require payment for their time or expenses, the Client agrees to assume full responsibility for these costs.

   e) CWH will retain the copyrights to all materials developed in the performance of this contract. CWH will, however, grant the Client a non-exclusive, royalty free license to use the selection procedures that will be developed for the duration of this contract. Client shall not reveal the contents of the tests to anyone without the written consent of CWH. The Client assumes full responsibility and liability for any violation of this provision by its employees and/or agents to the extent such employees and/or agents were acting within the scope of their employment and or agency.

   f) Client shall return all testing materials provided by CWH, to CWH.

6) Provisions of the Contract. The following provisions are made a part of this contract:

   a) Non-Discrimination. CWH certifies and represents that, during the performance of this Contract, Contractor and any other parties with whom it may subcontract shall adhere to equal opportunity employment practices to assure that applicants and employees are treated equally and are not discriminated against because of their race, religious creed, color, national origin, ancestry, handicap, sex or age. Contractor further certifies that it will not maintain any segregated facilities.

   b) Applicable Law. Parties to this contract shall conform with all existing and applicable city ordinances, resolutions, state laws, federal laws, and all existing and applicable rules and regulations. This contract should be construed in accordance with the laws of the State of Alabama. If a dispute arises involving this agreement, and the parties are not able to amicably resolve such dispute, then the parties agree that all claims shall be brought in a Court of Competent jurisdiction located in Alabama.

**CWH Research, Inc.**
9085 E. Mineral Circle, Suite 350, Englewood, CO 80112
303-617-3433

c) <u>Interest of the Client</u>. No elected official or any officer or employee of the Client shall have a financial interest, direct or indirect, in this contract.

d) <u>Interest of CWH</u>. CWH covenants that they presently have no interest and shall not acquire any interest, direct or indirect, which would conflict with the performance of services required to be performed under this contract; they further covenant that in the performance of this contract, no person having any such conflict of interest shall be employed.

e) <u>Maintenance of Records</u>. All appropriate records related to the aforementioned projects will be maintained by CWH for the required statute of limitations.

f) <u>Modification</u>. This contract contains the entire Agreement of the parties. No representations were made or relied upon by either party other than those that are expressly set forth herein. No agent, employee or other representative of either party is empowered to alter any of the terms hereof unless mutually consented to in writing and signed by an authorized officer of the respective parties.

g) <u>Assignment</u>. CWH may not assign its rights under this Agreement without the express prior written consent of the Client, and such successor in interest may not assign its rights under this Agreement without the express prior written consent of the Client. The Client has the right to continue with the assignee or cancel the Agreement with a pro-rata refund.

h) <u>Termination:</u> **The Client may terminate this Agreement upon 30 days written notice without cause.** Upon delivery of said notice to CWH, CWH shall cease performing any work pursuant to this agreement and shall be entitled to retain that portion of the fee for services performed through and including the 30 days notice period prior to termination.

i) <u>Insurance</u>: CWH will be required to provide certificates of insurance showing that it carries, or has in force, automobile liability insurance, general liability insurance, professional liability insurance and workers' compensation insurance. Limits of liability for automobile liability insurance shall be, at a minimum, $1,000,000.00 combined single limit. Limits of liability for general liability insurance shall be, at a minimum, $1,000,000.00 per occurrence, $1,000,000.00 personal and advertising injury, $1,000,000.00 general aggregate and $1,000,000.00 products/completed operations aggregate. General liability insurance will include coverage for contractually assumed liability. Limits of liability for professional liability shall be, at a minimum, $1,000,000.00 per occurrence or claim and $3,000,000.00 aggregate. If professional liability coverage is on a claims-made basis, CWH will maintain coverage in force for a period of two (2) years following completion of the work specified in the agreement. Workers' compensation insurance shall provide statutory workers' compensation coverage and employers' liability coverage with limits of, at a minimum, $500,000.00 each accident, $500,000.00 disease- each employee and $500,000.00 accident, $500,000.00 disease – policy limit.

The certificate of insurance shall provide the Client with thirty (30) days written notice of cancellation of any of the coverages named in said certificate.

The Client will be named as additional insured under the CWH's general liability insurance and automobile insurance policies.

CWH shall require certificates of insurance from subcontractors. Subcontractors will carry limits of insurance equal to or greater than those carried by the CWH. These certificates shall evidence waivers of subrogation in favor of CWH and the Client and shall be made available to the Client upon request.

j) <u>Indemnification</u>. Each party shall generally be responsible for its own acts and will be responsible for all damages, costs, fees, and expenses, including attorney's fees and costs, which arise out of the performance of

12/21/2005

Page 5 of 7

**CWH Research, Inc.**
9085 E. Mineral Circle, Suite 350, Englewood, CO 80112
303-617-3433

this agreement and which are due to that party's own negligence, carelessness, unskillfulness, and other unlawful conduct and/or the negligence, carelessness or unskillfulness or other unlawful conduct of its respective officers, agents and/or employees acting in their official capacities. Provided; however, Client shall defend, indemnify and hold CWH, its officers, agents and employees free and harmless from and against any claims, demands, actions, damages, expenses, fees, liabilities and/or attorney's fees arising out of, by virtue of or associated with the negligence, tortuous acts or other unlawful conduct of Client or its respective agents, officers and employees in the performance of this agreement. Provided however, that Client does not waive its defense of sovereign immunity or any other immunity or privilege afforded by law; nor does client waive official immunity available to any officer, employee, or agent acting by or on behalf of Client. In addition, CWH shall defend, indemnify, and hold Client, its officials, representatives, agents, servants and employees free and harmless from and against any claims, demands or actions brought by third parties which are related in any way or are associated with the negligence, tortuous acts or other unlawful conduct of CWH or its respective agents, officers and employees in the performance of this agreement.

## AUTHORIZED REPRESENTATIVE

In further consideration of the mutual covenants herein contained, the parties hereto expressly agree that for purposes of notice, including legal service of process, during the term of this contract and for the period of any applicable statute of limitations thereafter, the following named individuals shall be the authorized representatives of the parties:

(i)   CLIENT:

　　　　Steven A. Reeves

　　　　Human Resources Director

　　　　130 Tichenor Avenue

　　　　Auburn, AL 36830

By:   *[signature]*

Name:   David F. Watkins

Title:   City Manager

(ii)   CWH Research, Inc.
　　　Kathryn A. Fox, M.A.
　　　9085 E. Mineral Circle
　　　Suite 350
　　　Englewood, Colorado 80112

*[signature]*

Kathryn A. Fox, Vice-President

EXECUTED this 21st day of December, 2005.

12/21/2005

Page 6 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRIS E. TURNER, | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | *   Case No.: 3:07-cv-162-MEF |
| | * |
| CITY OF AUBURN, et al., | * |
| | * |
|     Defendants, | * |
| | * |
| vs. | * |
| | * |
| CWH RESEARCH, INC., | * |
| | * |
|     Third-Party Defendant. | * |

**THIRD-PARTY COMPLAINT**

COMES NOW Defendant/Third-Party Plaintiff the City of Auburn in the above-styled cause and hereby asserts the following Third-Party claims, pursuant to *Federal Rule of Civil Procedure* 14(a) against CWH Research, Inc. (hereinafter "CWH").

    1.    The City of Auburn is a municipality and governmental entity located in Lee County, Alabama.

    2.    CWH is a corporation organized and existing under the laws of the State of Colorado with its principal place of business in Englewood, Colorado.

    3.    This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1332(a) as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

**FACTS**

    4.    The City of Auburn contracted with CWH to provide job analysis review, written test development, test scoring, assessment center, feedback and validity as a decision-making tool for

the City of Auburn's selection of Battalion Chiefs for the Fire Department.  (See Exhibit "A", Resolution by the City Council to adopt the letter of agreement between the City of Auburn and CWH).  The contract between CWH and the City of Auburn specifically called for adherence to standards and guidelines established by several sources including the Federal EEOC Uniform Guidelines on Employment Selection Procedures.  See Exhibit "A" at p. 2 of 7.

5. Using CWH's procedures and processes, the City of Auburn promoted two individuals to Battalion Chief in the Spring of 2006.  As a result, Chris E. Turner, Plaintiff in the above-styled cause, sued the City of Auburn alleging that the City of Auburn has used discriminatory practices against African-Americans regarding particular jobs, including the Battalion Chief positions, and that the hiring practices of the City of Auburn are discriminatory in operation even if they are fair in form.

6. The contract between the City of Auburn and CWH specifically states:

> CWH shall defend, indemnify, and hold [the City of Auburn], its officials, representatives, agents, servants and employees free and harmless from and against any claims, demands or actions brought by third parties which are related in any way or are associated with the negligence, tortuous acts or other unlawful conduct of CWH or its representatives, agents, officers and employees in the performance of this agreement.

See Exhibit "A" at p. 6 of 7.

**COUNT ONE-REQUEST FOR CONTRACTUAL INDEMNIFICATION**

7. The City of Auburn adopts and incorporates herein all averments of paragraphs 1-6 as if set forth in full herein.

8. The City of Auburn denies that it has ever engaged in discrimination against Chris E. Turner or any other employee and maintains that its employment decisions were based on legitimate, non-discriminatory reasons.  The City of Auburn further maintains that the testing procedures established for selection of Battalion Chief were not discriminatory in practice or application.  Without waiving said position, the City of Auburn alleges that to the extent it is found

liable to Chris E. Turner for race discrimination on Turner's claim regarding the City of Auburn's failure to award him the position of Battalion Chief, the City of Auburn asserts that it is contractually entitled to contributions and/or indemnity from CWH pursuant to the contract entered between the City of Auburn and CWH attached hereto as Exhibit "A".

Wherefore, the City of Auburn demands judgment against CWH for all damages or costs of penalties assessed against the City of Auburn as a result of the claims that Chris E. Turner has brought against it based on the fact that he did not receive a Battalion Chief Position.

## COUNT TWO - REQUEST FOR COMMON LAW INDEMNIFICATION

9. The City of Auburn adopts and incorporates herein all averments of paragraphs 1-8 as if set forth in full herein.

10. The City of Auburn denies that it has ever engaged in discrimination against Chris E. Turner or any other employee and maintains that its employment decisions were based on legitimate, non-discriminatory reasons. The City of Auburn further maintains that the testing procedures established for selection of Battalion Chief were not discriminatory in practice or application. Without waiving said position, the City of Auburn alleges that to the extent it is found liable to Chris E. Turner for race discrimination on Turner's claim regarding the City of Auburn's failure to award him the position of Battalion Chief, the City of Auburn asserts that it is contractually entitled to contributions and/or indemnity from CWH pursuant to common law, the City of Auburn is entitled to contribution and/or indemnity from CWH.

Wherefore, the City of Auburn demands judgment against CWH for any and all damages that may be asserted against it in this matter.

Respectfully submitted this the 18th day of January 2008.

/S/ Randall Morgan
Randall Morgan [8350-R70R]
Elizabeth Brannen Carter [3272-C-38-E]
Counsel for Defendant/Third-Party Plaintiff
City of Auburn

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO
COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600 phone
(334) 263-5969 fax
Rmorgan@HillHillCarter.com
Ecarter@HillHillCarter.com

**SERVE THIRD-PARTY DEFENDANT CWH RESEARCH, INC. BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

CWH RESEARCH, INC.
9085 E. Mineral Circle
Suite 350
Englewood, Colorado 80112

### CERTIFICATE OF SERVICE

I Hereby Certify that I have this date served a true and correct copy of the foregoing *First Amended Third-Party Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Jeffrey W. Bennitt, Esquire (bennittlaw@aol.com), Wanda D. Devereaux, Esquire (wdd@devxllc.com), and Richard F. Horsley, Esquire (rfhala@cs.com), this the 18th day of January 2008.

/S/ Randall Morgan
Of Counsel