IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRIS E. TURNER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 3:07-cv-162-MEF |
| ) | |
| CITY OF AUBURN, a municipality ) | |
| of The State of Alabama; LARRY ) | |
| LANGLEY, an individual; LEE ) | |
| LAMAR, an individual; BILL HAM, ) | |
| JR., an individual; STEVEN A. ) | |
| REEVES, an individual; BILL JAMES, ) | |
| an individual; DAVID WATKINS, an ) | |
| individual; CHARLES M. DUGGAN, ) | |
| an individual; and CORTEZ LAWRENCE, ) | |
| an individual; ) | |
| ) | |
|     Defendants. ) | |

# **DEFENDANTS' THIRD AMENDED ANSWER**

**COME NOW** the Defendants and herewith give Answer to Plaintiff's Complaint as follows:

I.    <u>JURISDICTION</u>

    1.    To the extent an answer is required, Defendants deny the allegations of paragraph I.

II.    <u>PARTIES</u>

    2.    On information and belief, the Defendants admit the allegations of paragraph 2.

    3.    The Defendants admit the City of Auburn is a municipality and governmental entity located in Lee County, Alabama; otherwise, the Defendants deny

the allegations of paragraph 3.

4.  Defendants admit the City of Auburn is an employer within the meaning of 28 U.S.C. §2000, et seq.; otherwise, Defendants deny the allegations of paragraph 4.

5.  Defendants admit Larry Langley was at one time Deputy Public Safety Director for Fire Operations for the City of Auburn; otherwise, Defendants deny the allegations of paragraph 5.

6.  Defendants admit Lee Lamar is the Acting Deputy Public Safety Director for Fire Operations for the City of Auburn; otherwise, Defendants deny the allegations of paragraph 6.

7.  Defendants admit Steven A. Reeves is the Human Resource Director for the City of Auburn; otherwise, Defendants deny the allegations of paragraph 7.

8.  Defendants admit Bill Ham, Jr. is the Mayor of the City of Auburn; otherwise, Defendants deny the allegations of paragraph 8.

9.  Defendants admit Bill James is the Public Safety Director for the City of Auburn; otherwise, Defendants deny the allegations of paragraph 9.

10. Defendants admit that at one time David Watkins was the City Manager and that Charles M. Duggan is the current City Manager for the City of Auburn; otherwise, Defendants deny the allegations of paragraph 10.

III. STATEMENT OF PLAINTIFF'S CLAIMS

11. Defendants deny the allegations of paragraph 11.

**COUNT I**

**RACE DISCRIMINATION AND PROMOTION: August 23, 2005**

12.     Defendants admit that Plaintiff is a Firefighter; otherwise, Defendants deny the allegations of paragraph 12.

13.     Defendants admit on information and belief that Plaintiff is a black male, age 41 and that he has applied for promotion to the position of Team Leader but has never ranked high enough to be promoted; otherwise Defendants deny the allegations of paragraph 13.

14.     Defendants admit that Plaintiff applied for promotion to Team Leader on August 23, 2005 but was not promoted; otherwise Defendants deny the allegations of paragraph 14.

15.     Defendants admit an opening for Team Leader position became available at Fire Station No.1 on or about August 23, 2005; otherwise Defendants deny the allegations of paragraph 15.

16.     Defendants admit that three white males were subsequently promoted to the Team Leader position; otherwise Defendants deny the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants admit that Plaintiff holds the position of Firefighter II and that he has received various certifications; otherwise Defendants deny the allegations of paragraph 18.

19.     Defendants deny the allegations of paragraph 19.

20.     Defendants deny the allegations of paragraph 20.

21.   Defendants admit the following white males were promoted to the position of Team Leader from the August 23, 2005 procedure: David Heinze, Jason Rawls, James Gilbert and Clay Carson; otherwise, Defendants deny the allegations of paragraph 21.

22.   Defendants admit that promotions to the classification of Team Leader do not have to be determined through at outside assessment center; otherwise Defendants deny the allegations of paragraph 22.

23.   Defendants deny the allegations of paragraph 23.

24.   Defendants deny the allegations of paragraph 24.

25.   Defendants admit that Plaintiff has not ranked high enough on any promotional exam or procedure to be promoted to the position of Team Leader and further admit that all persons who were promoted to the position of Team Leader were more qualified than Plaintiff; otherwise Defendants deny the allegations of paragraph 25.

26.   Defendants deny the allegations of paragraph 26.

27.   Defendants move this Court to strike paragraph 27 in that settlement negotiations are not relevant nor admissible; otherwise, Defendants deny the allegations of paragraph 27.

28.   Defendants admit there was a promotion procedure for a Team Leader on or about August 23, 2005; otherwise, Defendants deny the allegations of paragraph 28.

29.   Defendants deny the allegations of paragraph 29.

30.   Defendants deny the allegations of paragraph 30.

31.    Defendants deny the allegations of paragraph 31.

32.    Defendants admit that Plaintiff did not score high enough on the written exam to proceed to the remaining parts of the application process; otherwise, Defendants deny the allegations of paragraph 32 and further deny that Plaintiffs has standing to assert any hiring claim or claim on behalf of anyone else.

33.    Defendants deny the allegations of paragraph 33.

34.    Defendants deny the allegations of paragraph 34.

35.    Defendants deny the allegations of paragraph 35.

## COUNT TWO

### RACE DISCRIMINATION IN PROMOTION: February 1, 2006

36.    Defendants admit Plaintiff has never been promoted to the position of Team Leader; otherwise, Defendants deny the allegations of paragraph 36.

36.    Defendants admit Plaintiff was not promoted to Team Leader; otherwise, Defendants deny the allegations of paragraph 36.

37.    Defendants deny the allegations of paragraph 37.

38.    Defendants admit that the Team Leader position does not require promotion by an outside assessment; otherwise, Defendants deny the allegations of paragraph 38.

39.    Defendants deny the allegations of paragraph 39.

40.    Defendants admit that on or about February 1, 2006 thirteen team leaders' titles were changed to Lieutenant in response to their petition for a title change and the overwhelming vote by those polled in favor of the change; otherwise, Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants admit all persons promoted- irrespective of race - were more qualified than Plaintiff; otherwise, Defendants deny the allegations of paragraph 42.

43. Defendants admit the August 23, 2005 promotion procedure included a written test and further admit the procedure was changed because of Plaintiff's wrong doing on earlier promotion procedures and further admit that all Team Leaders promoted to Lieutenant were more qualified than Plaintiff; otherwise, Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

Defendants deny Plaintiff is entitled to any relief.

## COUNT THREE

## RACE DISCRIMINATION: BATTALION FIRE CHIEF PROMOTION: MAY, 2006

47. Defendants deny the allegations of paragraph 47.

48. Defendants admit that Plaintiff applied for the position of Battalion Fire Chief and that he did not score well enough on the written examination to proceed to the other parts of the promotion procedure; otherwise, Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

Defendants deny Plaintiff is entitled to any relief.

## COUNT FOUR

### RETALIATION

50. In response to paragraph 50, Defendants re-allege each earlier response to each separate paragraph as if set out in full herein.

51. Defendant admits that Plaintiff is a Firefighter with the City of Auburn and that he has made application for promotion to the position of Team Leader but never ranked high enough to be promoted; otherwise, Defendants deny the allegations of paragraph 51.

52. Defendants move this Court to strike all references in paragraph 52 to settlement negotiations as not relevant nor admissible; admit that Plaintiff has filed prior EEOC complaints and suits against the City of Auburn and further admit that on or about January 20, 2004, Plaintiff entered into a settlement agreement wherein he dismissed and released all claims against the City of Auburn; otherwise, Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

Defendants deny that Plaintiff is entitled to any relief.

### COUNT FIVE

### DISPARATE IMPACT

54. In response to paragraph 24, Defendants re-allege each and every response to each preceding paragraph as if set out in full herein.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

Defendants deny that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1.  Defendants deny each allegation not specifically admitted herein and demands strict proof of same.

2.  Defendants aver that the Complaint and each count fail to state a cause of action entitling Plaintiff to relief.

3.  Defendants deny Plaintiff has been wronged and denies Plaintiff is entitled to any relief.

4.  Defendants aver that Plaintiff did not suffer an illegal adverse employment action.

5.  Defendants aver Plaintiff did not engage in protected activity.

6.  Defendants aver this Court lacks subject matter jurisdiction.

7.  Defendants aver Plaintiff did not timely file a Charge of Discrimination.

8.  Defendants aver Plaintiff has not met the preconditions for maintenance of a discrimination suit.

9.  Defendants aver this suit is not timely filed.

10. Defendants aver all Plaintiff's claims, as alleged in his Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

11. Defendants aver Plaintiff cannot pursue any claim that is not "like or related" to the claims raised in his original Charge of Discrimination which is the statutory predicate for those claims.

12. Defendants affirmatively plead that the Plaintiff's claims are barred in that Plaintiff failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

13. Defendants plead estoppel and/or laches and/or waiver.

14. Defendants aver Plaintiff's own actions or inactions caused or contributed to any injury or damage hence Plaintiff is barred from recovery.

15. Defendants aver all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

16. Defendants aver all employment decisions were made on a legitimate, non-retaliatory and permissible basis.

17. Defendants aver that all employment decisions were based on a reasonable and rational basis.

18. Defendants deny the existence of any custom or policy that allegedly resulted in the violation of Plaintiff's rights.

19. Defendants plead immunity.

20. Defendants deny they discriminated against the Plaintiff. However, if the fact finder reaches a contrary conclusion, the Plaintiff cannot establish that he was damaged or injured by any action of any Defendant since the same decisions would have been made absent any impermissible consideration.

21. Defendants aver Plaintiff failed to mitigate his alleged damages.

22. Defendants aver Plaintiff lacks standing to prosecute this action.

23. Defendants plead the statute of limitations.

24. Defendant City of Auburn avers it is immune from punitive damages.

25. The individual Defendants aver they cannot be personally liable under a Title VII suit.

26. Defendants aver Plaintiff has not properly alleged and cannot present evidence that any practice or procedure of Defendants has a disparate impact on African-Americans.

27. Defendants plead the statutory cap applicable to any claim for damages.

28. Defendants plead release.

29. Defendants plead accord and satisfaction.

30. Defendants plead res judicata and/or collateral estoppel and/or issue preclusion.

31. To the extent §1983 claims are brought against the individual Defendants, said Defendant plead immunity, qualified immunity, and/or good faith.

32. The individual Defendants plead good faith.

33. The individual Defendants plead qualified immunity.

34. Defendants plead advice of counsel.

35. Defendants deny the nature and extent of Plaintiff's alleged damages.

36. Defendants contest damages.

37. The individual Defendants in their official capacity aver they are immune from punitive damages.

38. The individually sued Defendants aver the Complaint fails to allege any act of wrongdoing by them and each is due to be dismissed.

39. Defendants aver the Court did not retain jurisdiction of the Settlement Agreement and/or Notice of Proposed Class Settlement.

40. Defendants aver the Settlement Agreement and/or Notice of Proposed Class Settlement has expired.

41. Defendants aver the parties by agreement have modified the Settlement Agreement and/or notice of Proposed Class Settlement.

/s/ *Randall Morgan*
RANDALL MORGAN [MORG8350]
ELIZABETH B. CARTER [3272-C-38E]
Attorney for Defendants

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,
     COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 23rd day of May, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Jeffrey W. Bennitt
Jeff Bennitt & Associates, LLC
P.O. 383063
Birmingham, Alabama 35238-3063

Wanda D. Devereaux, Esq.
Deveraux & Associates, LLC
2800 Zelda Road, Ste 200-2
Montgomery, Alabama 36106

William K. Hancock, Esq.
Adams & Reese, LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama 35203

                                                  /s/  *Randall Morgan*
                                                  OF COUNSEL